# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | Case No. 2:20CR-138 |
| RONNIE E. MURDOCK | : | JUDGE MORRISON |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Murdock is scheduled for sentencing on April 12, 2021, and the undersigned apologizes for the tardiness of this filing. For the reasons that follow, the United States requests that a sentence of imprisonment of 37 months be imposed (which is the low end of the applicable guideline range), which is both reasonable and appropriate, as well as legally supported by the circumstances of this case.

As initially established by the Presentence Investigation Report, with his conviction for possession of a firearm by a previously convicted felon, Defendant Murdock has an initial offense level of twenty as the firearm had a large capacity magazine (U.S.S.G. §2K2.1(a)(4)(B)). Though the plea agreement in this case contemplated an initial offense level of 22, the Probation Officer properly determined that Murdock's prior Robbery conviction was not a crime of violence under the applicable <u>Johnson</u> analysis and there are no objections by either party to this finding. After a three level reduction for acceptance of responsibility, this results in a final offense level of seventeen. Murdock has a criminal history category of IV and therefore faces a sentencing guideline range of 37-46 months. There are no objections to these calculations.

While the federal Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), the Guidelines should still be "the starting point and initial benchmark" in determining a sentence. United States v. Bolds, 511 F.3d 568, 579 (6th Cir. 2007) (quoting Gall v. United States, 552 U.S. 38, 49 (2007)). Ultimately, a sentence must be reasonable. United States v. Jackson, 408 F.3d 301, 304 (6th Cir. 2005) (citing Booker, 543 U.S. at 260). Specifically, the length of a sentence "must be proportionate to the seriousness of the circumstances of the offense and offender, and sufficient but not greater than necessary to comply with the purposes of §3553(a)." United States v. Vowell, 516 F.3d 503, 512 (6th Cir. 2008)(internal quotations omitted). The factors listed in 18 U.S.C. §3553(a) include, but are not limited to:

(1) the nature and circumstances of the offense and the history and characteristics of defendant;
(2) the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In the instant case, the undersigned believes the nature and circumstances of the offense and the history and characteristics of the defendant are the prevailing and most important §3553(a) factors relevant to the sentencing of defendant Murdock.

Murdock's conviction was based upon a June 24, 2020, incident when Murdock was observed by law enforcement possessing a Bushmaster semi-automatic rifle (similar to an AR15) during protests in downtown Columbus, Ohio. Murdock was recognized by a CPD officer who knew that Murdock had prior felony convictions and was prohibited from possessing a firearm.

The investigation later revealed that Murdock was responsible for the weapon being present at the scene as he had arranged for the lawful owner to bring the rifle and leave it with him downtown. The Bushmaster rifle was loaded with 31 rounds of ammunition and the rifle was regularly being carried by another protestor who was informally directing traffic and escorting pedestrians across East Broad Street. While the protests were primarily peaceful, the presence of this weapon, even when lawfully possessed by others, further heightened the tensions present in the crowded downtown area at that time.

Murdock's possession of this weapon under these circumstances is a serious offense. Murdock was already serving a term of Community Control arising out of his prior Robbery conviction at the time he possessed this firearm. In addition, given that Murdock has sometimes had violent interactions with others, his possession of such a dangerous weapon in a crowded volatile situation is very troubling. Further, when interviewed by police after his arrest, Murdock falsely claimed to have only been possessing a paintball gun that day. Murdock also made efforts in the days that followed to recruit others to falsely support this ruse. Murdock's criminal history also establishes that he has failed to take advantage of previous leniency from the Court.

However, it is also clear that Mr. Murdock suffers from mental and emotional issues that have clearly impacted his decision making. Prescribed medication seems to help stabilize Murdock and he must stop combining his needed medication with illegal narcotics such as his preferred daily choices of Marijuana, Methamphetamine and Cocaine. Murdock's childhood was tragic with abuse and neglect and it appears the social services systems failed him in many ways. It is because of these ongoing mental and emotional issues that the undersigned cautiously has decided to recommend the low end of the guideline range.

Consistent with all of these facts and in consideration of the applicable 18 U.S.C. §3553(a) factors, the United States recommends a sentence of imprisonment of 37 months which is the bottom of the applicable guidelines range. The above described circumstances suggest a sentence of at least this length is warranted under the sentencing guidelines. This sentence would also be reasonable under the rationale of <u>Booker</u>, 543 U.S. 220 (2005); <u>United States v. Henry</u>, 545 F.3d 367, 385 (6th Cir. 2008) ("A sentence within the applicable Guidelines range is accorded a presumption of reasonableness in this circuit.") (citation omitted).

### **Conclusion**

Based upon the foregoing, the United States submits that the defendant's offense level and criminal history categories should be an offense level of 17, criminal history category IV, with a sentencing range of 37-46 months. Considering the sentencing factors set out in 18 U.S.C. §3553(a), including the need to provide just punishment for the offense, afford adequate deterrence to criminal conduct, and promote respect for the law, the United States requests that defendant Ronnie Murdock be sentenced to a term of imprisonment of 37 months.

    Respectfully submitted,

    DAVID M. DeVILLERS
    United States Attorney

    s/Kevin W. Kelley
    KEVIN W. KELLEY (0042406)
    Assistant United States Attorney

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government Sentencing Memorandum was served this 8th day of April via the Court's electronic filing system (ECF) on counsel for defendant, Andrew Avellano.

s/Kevin W. Kelley
KEVIN W. KELLEY
Assistant U.S. Attorney